ANNA S. KAVANAUGH *v.* ELEANOR S. LEWIS ET AL.

SPEZIALE, C. J., PETERS, PARSKEY, ARMENTANO and SHEA, Js.

Submitted on the briefs June 1—decision released July 13, 1982

*Robert J. Bascetta,* on the brief, for the appellants (defendants).

*Richard J. Parrett* and *James J. Giulietti,* on the brief, for the appellee (plaintiff).

PER CURIAM. This case arises out of an action for partition of approximately seventy-six acres of jointly owned property. Two hearings were held before a state referee. At the November, 1980 hearing the parties stipulated to a judgment of partition. Upon the defendants' request the case was reopened on June 4, 1981, to receive more evidence concerning a proper division of the property. A

judgment of partition dividing the land between the parties was rendered on July 21, 1981, from which the defendants appeal.

In this appeal the defendants seek to set aside the judgment and remand the case for a new trial on two grounds. First, the defendants contend that an appraisal report upon which the trial court relied for the final partition was never properly introduced into evidence. The second ground cited is that the trial court erred in receiving certain testimony because the expert witness expressed an opinion on the ultimate issue of the case. We find no error in either claim.

The claim that the judgment must be set aside because the appraisal report marked exhibit C-1 was never introduced into evidence is without merit. During the November, 1980 hearing the plaintiff offered into evidence an appraisal report prepared by the expert witness, who was then being examined. The transcript clearly indicates that the defendants knew the report was being offered as evidence to be reviewed by the court, not merely being marked for identification, and that they expressly consented to the admission of the report as exhibit C. At the June 4, 1981 hearing exhibit C was unavailable for the court's use, and the plaintiff and the defendants made a joint motion to mark an exact duplicate of the original report as exhibit C-1. Thus there is nothing in the transcript to indicate exhibit C-1 was improperly introduced into evidence. Moreover, the defendants made no objection and took no exception to the admission of exhibits C and C-1 as required by Practice Book § 288. Such an evidentiary ruling ordinarily is not subject to review without an objection and an

536

exception. *State* v. *Cuvelier,* 175 Conn. 100, 107, 394 A.2d 185 (1978); *O'Connor* v. *Dory Corporation,* 174 Conn. 65, 71, 381 A.2d 559 (1977); *El Idrissi* v. *El Idrissi,* 173 Conn. 295, 300, 377 A.2d 330 (1977).

The defendants' second claim is likewise fatally defective for failure to object and except as required by Practice Book § 288 to preserve a ruling on evidence for appellate review. The defendants twice objected to the plaintiff's questioning of the expert witness as to which of two partitions proposed in his appraisal report would be fairer to the parties on the ground that "fairness to the parties" was an improper topic for expert testimony. Although the record is somewhat ambiguous, the court apparently sustained both of these objections. When, however, the court rephrased the question being asked the witness to reflect that the basis of his testimony was his expertise in real estate, and permitted subsequent questioning as to the land values used to form his opinion, the defendants made no objection. There is no record of any exception.

Even if the expert testimony on the fairness of the partition could be deemed as improperly passing on the ultimate issue of the case and the defendants had preserved the issue for appeal, we would find no error sufficient to set aside the judgment. The expert's opinion as to the more equitable of the proposed partitions was included in his report, exhibit C, which had already been admitted into evidence. Thus the defendants were in no way prejudiced by the oral testimony of the expert witness.

There is no error.